# Commissioners *against* Smith.

In an action for the purchase-money of land sold by the commissioners for the payment of taxes, it is a good defence that the purchaser acquired no title, by reason of the land having been seated at the time the taxes, for which it was sold, were assessed.

ERROR to the common pleas of *Armstrong* county.

The Commissioners of Armstrong county against George W. Smith.

This action was instituted by the plaintiffs, before a justice of the peace, to recover from the defendant the sum of 6 dollars 67½ cents, that portion of the purchase-money necessary to pay the taxes and costs, and also the sum of 1 dollar to the prothonotary, for entering the acknowledgment of the deed for in-lot No. 89, in the borough of Kittanning, sold by James Douglass, treasurer of said county, to the defendant, as unseated for arrearages of taxes for the years 1836 and 1837.

It is agreed by the parties, that the following statement of facts be submitted to the court in the nature of a special verdict for their opinion.

That said in-lot, No. 89, in the borough of Kittanning, in Armstrong county, was assessed in the name of John Doe, and returned to the commissioners of said county as unseated for the years 1836 and 1837, and taxed with 1 dollar 30 cents of county tax, 70 cents of borough tax, and 20 cents of school tax, and that the same remained due and unpaid for the space of one year previous to June 18, 1838, and for more than three months previous to that time, the day fixed by public notice for the sale of unseated lands in said county for arrearages of taxes.

That the said in-lot, No. 89, was regularly assessed, and after

[Commissioners v. Smith.]

due public notice, was sold on the 18th day of June 1838, for the arrearages of taxes as . aforesaid, by James Douglass, treasurer of said county, to George W. Smith, at and for the sum of 200 dollars.

That a deed in due form of law was made, executed and acknowledged by the said treasurer to the said George W. Smith, for the said lot No. 89, and tendered to the said George W. Smith, before the institution of this suit by the treasurer.

That the said George W. Smith, the defendant, refused to accept of the said deed, and pay the purchase-money aforesaid, or the sum of 6′dollars 67½ cents, being so much as was necessary to pay the taxes'and costs on said in-lot, No. 89, and also the sum of one dollar in addition for the use of the prothonotary in entering the acknowledgment of the deed, and to sign a surplus bond for the balance of the purchase-money.

That the said in-lot, No. 89, at the time of the assessment of the taxes aforesaid, for the years 1836 and 1837, was under fence, and in a state of cultivation, and had a log-house thereon erected, and a family· residing therein. And that said in-lot had been cultivated and profits drawn from the soil for the space of ten years previous to the sale aforesaid.

If the court should be of opinion, on this statement of facts, that the plaintiffs are entitled to recover, then judgment to be entered for the plaintiffs for the sum of 6 dollars 67½ cents and costs. If not, judgment to be entered for the defendant, with leave to either party to sue out a writ of error.

The court below (White, president) rendered a judgment for the defendant.

*Woods*, for plaintiffs in error, contended that the sale was analogous to a judicial sale to which the rule of *caveat emptor* applied, and cited 7 *Serg. & Rawle* 389.

*Buffington*, for defendant in error, whom the court declined to hear, but who cited 2 *Yeates* 114; 1 *Serg. & Rawle* 62.

PER CURIAM.—This judgment is attempted to be reversed on the ground that a treasurer's sale has the properties of a sale by the sheriff; in respect to which, it has been held, that the vendee may not oppose a defect in the debtor's title to the sheriff's demand of the purchase-money. But might he not set up, if not a defect in the *title*, yet a defect in the sale of it, rendering it void and inoperative? The sheriff is supposed to know nothing of the title; but he is supposed to know whether his writ gives him authority. Take it that there has been no judgment, or that the court had not jurisdiction, it would not be contended, even under the statute which quiets his title on a reversal of judgment, that the vendee could hold the land. In the first of the cases put, there would be no judgment to reverse; and in the second, the judgment and execution being

[Commissioners v. Smith.]

void, would pass no title. In either, if the case were possible to happen, the vendee might resist an action for the purchase-money; by showing that no contract of sale could grow out of what was, in law, a nullity. In principle, is not that the case before us? The land, being seated, was not within the power given to the county commissioners and their treasurer. The whole proceeding, being *coram non judice,* was void, and it would be iniquitous to prevent the purchaser from showing it.

Judgment affirmed.